**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2019[*]
Decided May 1, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1905

| | |
|---|---|
| KEVIN AUSTIN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| | |
| *v.* | No. 14-cv-9823 |
| | |
| CITY OF CHICAGO, | John Robert Blakey, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Kevin Austin was fired from his job as a driver for the City of Chicago after City officials realized that he previously had been fired and designated as ineligible for rehire. Austin then filed this employment-discrimination suit, alleging that the City of Chicago discharged him because of his race (black) and in retaliation for engaging in protected activity. The district court entered summary judgment in the City's favor. Seeing no error in that decision, we affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Austin first worked for the City as a laborer in the Department of Streets and Sanitation from 1998 until his termination in 2006. The department's commissioner fired Austin after an internal investigation revealed that he (1) had been arrested in 2005 for knowingly possessing a stolen vehicle (though the criminal charge was later dismissed), and (2) had failed to disclose a conviction from 1988 (when he was 17 years old) on his initial job application. The investigator recommended that Austin "never be rehired."

After an appeal and a full evidentiary hearing (at which Austin testified and was represented by counsel), the City's Personnel Board upheld Austin's termination. The Board found that he had knowingly possessed a stolen vehicle in violation of a personnel rule that barred employees from engaging in "any act or conduct prohibited by [law]." The Board's decision did not mention his 1988 conviction, but Austin later explained that he had omitted this conviction from his job application because he was a minor at the time, so he did not believe that he was obligated to disclose it. He subsequently had the conviction expunged from his criminal record.

Austin reapplied to work for the City in 2007 and 2010. Both times, the City responded that his 2006 termination "for cause" made him ineligible for re-hire. The City's 2010 response specifically noted that Austin was "ineligible for re-employment with the City of Chicago permanently."

In 2012, Austin again applied to work for the City, and this time was hired as a driver with the Streets and Sanitation department. During the hiring process, the City conducted a background check without properly reviewing its ineligible-for-rehire list.

About a year later, Austin complained to human resources that several white drivers were allowed to report to the same starting location every day, while he was dispatched to locations all over the city. After this conversation, Austin was permitted to report to a single location; he expressed satisfaction with this new arrangement.

In mid-2014, City officials eventually noticed that Austin had been designated as ineligible for reemployment. Based on this information and a review of Austin's personnel file, the Department of Streets and Sanitation Commissioner fired him.

After exhausting his administrative remedies, Austin sued the City for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), 3(a). The district court entered summary judgment for the City, concluding that no reasonable factfinder could conclude that either Austin's race or his

complaints about discriminatory job assignments led to his termination. *See Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).

On appeal, Austin has not meaningfully developed the arguments in his brief, *see* FED. R. APP. P. 28(a)(8), but we touch upon the two arguments that we can discern. Austin first contends that he was wrongly placed on the ineligible-for-rehire list for not disclosing a 1988 conviction on his first job application because, he now insists, he was "never convicted of a crime." But not only did Austin admit (in a declaration and other district court filings) that he was, in fact, convicted of a crime in 1988, he forfeited this argument by failing to raise it in the district court. *See Betco Corp., Ltd. v. Peacock*, 876 F.3d 306, 309 (7th Cir. 2017) ("[T]his court has 'long refused to consider arguments that were not presented to the district court in response to summary judgment motions.'").

Austin also argues that he should not have been placed on the ineligibility list because he never was convicted of possessing a stolen vehicle. This argument misses the point. The Personnel Board determined that Austin had engaged in conduct prohibited by law—conduct that, regardless of whether it led to a criminal conviction, violated the City's personnel rules. As the district court noted, Austin "does not—and cannot—dispute that these rules applied to him as a City employee." Moreover, Austin has not pointed to any evidence that would permit a reasonable jury to infer that he was terminated because of his race or complaints about discriminatory job assignments, rather than his violation of personnel rules. *See Lewis v. Wilkie*, 909 F.3d 858, 871 (7th Cir. 2018); *Ortiz*, 834 F.3d at 765.

AFFIRMED